Filed 7/10/23  P. v. Brooks CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH RAY BROOKS,<br><br>Defendant and Appellant. | C095912<br><br>(Super. Ct. No. 62127722) |

This case comes to us following an appeal by defendant Joseph Ray Brooks from the trial court's postjudgment order summarily denying defendant's Penal Code section 1170.126 petition for resentencing.

Defendant's appellate counsel originally requested that we review the record to determine whether there were any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Given the procedural stance of this case, we determined defendant was not entitled to a *Wende* review and that his appeal had been abandoned by his failure to raise any claim of error.  Accordingly, we dismissed the appeal.

1

Defendant petitioned our Supreme Court for review; that court subsequently directed us to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216.

On May 31, 2023, this court sent a letter notifying defendant:  (1) his counsel filed an appellate brief stating a review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider.  In addition, we advised defendant that if the court did not receive a letter brief within that period, "the court may dismiss the appeal as abandoned."

In the interim, we granted appellate counsel's request for an extension of time to file a supplemental brief on remand, extending the deadline for responsive briefing to July 3, 2023.  (Cal. Rules of Court, rules 8.200(b)(1), 8.63(b)(10).)  On June 14, 2023, counsel filed a *Delgadillo* brief requesting that this court exercise its discretion to conduct an independent review of the record.  Defendant did not file a supplemental brief within the 30 days following the *Delgadillo* notice and did not file a brief after the extension of the briefing deadline to July 3, 2023.

We consider defendant's appeal abandoned and order the appeal dismissed. (*People v. Delgadillo, supra,* 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.

_/s/_

Duarte, Acting P. J.

We concur:

_/s/_

Earl, J.

_/s/_

Boulware Eurie, J.